[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13230
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-00021-RWS-JCF-1

UNITES STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD L. POWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 7, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Edward Powell was sentenced to 300 months in prison after pleading guilty to two counts of bank robbery and two counts of brandishing a firearm in furtherance of a crime of violence.  On appeal, he argues that his sentence was substantively unreasonable.  We disagree and affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Powell was arrested in an otherwise unrelated matter after leading law enforcement officers on a high-speed chase.  While Powell was in jail, the Georgia Bureau of Investigation determined that Powell's DNA matched the DNA found on a mask that had been left behind at the scene of a Branch Bank & Trust robbery.  During that robbery, a masked bandit locked two bank employees in the vault after holding them at gunpoint and stealing $58,896.50 in cash from the bank.  Law enforcement also connected Powell to a robbery at the Piedmont Bank, in which a man held a bank employee at gunpoint.  This time, however, the employee convinced the robber that she could not open the bank's vault.  As a result, the man stole the employee's music player and cell phone, tied her hands with shoelaces, and left her in the men's bathroom.

A grand jury charged Powell with two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d).  The grand jury also charged Powell with two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Powell entered a guilty plea.

2

The presentence investigation report calculated Powell's guideline range for the armed bank robbery charges at 92 to 115 months. The report also concluded that each robbery count carried a maximum sentence of twenty-five years in prison and that each count of brandishing a firearm carried mandatory minimum sentences of seven years, to be run consecutive to the robbery counts and each other. Powell did not object to the report.

The district court adopted the report's guideline calculation and found that the criminal history category of V understated Powell's criminal history, that there was a need for general and specific deterrence, and that Powell had previously served a sentence of twenty-two years for a similar crime. The district court sentenced Powell to 300 months in prison, which included an upward variance to 132 months for the two robbery counts and consecutive sentences of eighty-four months for the two counts of brandishing a firearm. The court also sentenced Powell to four concurrent five-year terms of supervised release and ordered him to pay $58,596.50 in restitution.

## DISCUSSION

On appeal, Powell contends that his above-guideline sentence was substantively unreasonable because his criminal history, which included crimes he committed "as a young man," artificially inflated his guideline range and because he should have received more mitigation based on his mental health issues and

3

acceptance of responsibility. The substantive reasonableness of a sentence is reviewed for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). This court must consider the totality of the circumstances, including the extent of any variance from the guideline range. Id. The district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The party challenging the sentence bears the burden of establishing that it is unreasonable considering the record and the § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court "shall impose a sentence sufficient, but not greater than necessary," to (1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment for the offense, (4) afford adequate deterrence to criminal conduct, and (5) protect the public. 18 U.S.C. § 3553(a), (2)(A)–(C). The district court must also consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the kinds of sentences available, (3) the guideline sentencing range, (4) any pertinent policy statements, (5) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been convicted of similar conduct, and (6) the need to provide restitution to any victims. Id. § 3553(a)(1), (3)–(7).

A district court may attach great weight to a single factor. United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013). The weight given to any § 3553(a) factor is left to the sound discretion of the district court, and we will not substitute our own judgment by reweighing the § 3553(a) factors. Id. The justification for a variance "must be sufficiently compelling to support the degree of the variance." Irey, 612 F.3d at 1186–87. We do not presume that a sentence outside the guideline range is unreasonable, and we give deference to the district court's decision that the § 3553(a) factors support its sentence. Id. at 1187.

The district court gave several reasons for its seventeen-month variance: (1) the impact on the victim; (2) the guideline range calculation understated Powell's criminal history because it left out crimes Powell had committed in his early twenties; (3) deterring Powell, who already had served lengthy prison sentences for similar conduct; (4) the court's obligation to protect the public from Powell's repeated conduct; and (5) the need to avoid sentencing disparities. The upward variance was not an abuse of discretion.

First, Powell's sentence, though a seventeen-month upward variance from the top of the guideline range, was well below the statutory maximum, which is an indicator of a reasonable sentence. See United States v. Stanley, 739 F.3d 633, 656 (11th Cir. 2014) ("A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence."). Powell's eleven-year sentence was

fourteen years below the maximum sentence of twenty-five years for each of the robbery counts, and his overall sentence of twenty-five years was well below the life sentence he could have received.

Second, as the district court explained, Powel has shown an escalating pattern of theft-related crimes throughout his adult life, undeterred by either probation or incarceration:  grand theft in 1989 (probation); burglary of a dwelling in 1989 (probation); burglary of a dwelling in 1991 (four years in prison after a violation of probation); and three counts of robbery with a firearm and one count of grand theft in 1992 (twenty-two years in prison).  Powell returned to prison in 2002 for fleeing or attempting to elude a law enforcement officer (7.615 years).  Because Powell committed some of these crimes in his early twenties—decades before the armed bank robberies—they were not included in his criminal history calculation, U.S.S.G. § 4A1.2(e), but they do show a lifelong pattern of criminal conduct.

Powell's graduation to bank robbery gave the district court ample reason to be concerned that a guideline sentence would not deter Powell from continuing this pattern and endangering the public.  As the court explained to Powell at sentencing, "You lose many of the good years of your life sitting in a prison cell, and yet you found your way back to this."  We cannot conclude that a seventeen-month variance was substantively unreasonable.

6

Contrary to Powell's argument that the district court erred when it failed to consider that "Powell's criminal history points derive from convictions that occurred over 27 years ago, when he was just 24 years old," the district court explicitly considered this factor when it determined that Powell's criminal history was "understated" because it did not include any points for some of the crimes Powell had committed as a young adult.  There is no question that the district court considered Powell's age when he committed his various crimes.

Powell also argues that the district court should have given more weight to the psychological trauma Powell endured when two members of his immediate family died while he was in prison and to "the fact that Mr. Powell's conduct occurred after and in response to his discovery that his mother was facing foreclosure on her home." The district court considered both these factors, comparing the losses Powell experienced in his family with the trauma his victims experienced and discussing the heartache Powell's (now deceased) mother would have experienced had she heard Powell say he robbed the banks to solve her financial woes.  As part of our substantive reasonableness review, we do not second-guess the weight the district court gave to the mitigating factors, which included Powell's acceptance of responsibility, his issues with depression, and his worry that his mother's home would be foreclosed if he did not rob two banks and take $58,896.50, a music player, and a cell phone.  See Kuhlman, 711 F.3d at 1327 ("We have held that the weight to

7

be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." (quotation marks omitted and alteration adopted)). It is enough that the district court considered all the statutory factors, considered Powell's arguments, and reached a reasonable conclusion.

## CONCLUSION

Because the district's seventeen-month variance from the guideline range was not substantively unreasonable, we affirm.

**AFFIRMED.**